UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:03-cr-00182-JPH-MJD |
| | ) | |
| NATHAN KING, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ENTRY DENYING MOTION TO REDUCE SENTENCE UNDER
THE FIRST STEP ACT**

Defendant Nathan King was indicted for possession with the intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). Dkt. 1 (JAMS docket entry for Nov. 13, 2003); dkt. 9 at 1, 3; dkt. 2 at 1 ("Movant was charged . . . for possession with intent to distribute Cocaine under 21 U.S.C. Section 841(a)(1) and 851."). The United States filed an information under 21 U.S.C. § 851, alleging that Mr. King had a prior felony drug conviction. Dkt. 1 (JAMS docket entry for Dec. 23, 2003); dkt. 9 at 1, 3. Mr. King pleaded guilty and was convicted of the charged offense. Dkt. 9 at 3. He was sentenced on March 17, 2004, to a 240-month term of imprisonment. Dkt. 1 (JAMS docket entries for Mar. 17, 2004 and Mar. 24, 2004). Judgment was entered on March 24, 2004. *Id.* (JAMS docket entry for Mar. 24, 2004).

Mr. King seeks a sentence reduction in light of the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the reasons explained below, Mr. King's motion to reduce sentence under the First Step Act, dkt. [2], is **DENIED**.

**Discussion**

In 2010, Congress enacted the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010), to address harsh sentencing disparities between crack cocaine offenses and powder

cocaine offenses resulting from irrational and "unjustified race-based differences" in federal sentencing between those types of cases. *Dorsey v. United States*, 567 U.S. 260, 268–69 (2012).

Signed into law on December 21, 2018, the First Step Act makes retroactive the Fair Sentencing Act of 2010's reduction in the disparity between crack and powder cocaine sentences. Section 404 of the First Step Act makes sections 2 and 3 of the Fair Sentencing Act of 2010 retroactive to defendants, and it allows district courts to reduce a defendant's sentence for a crack cocaine offense as if the sections of the Fair Sentencing Act of 2010 were in effect at the time the defendant's offense was committed. *See* First Step Act, § 404.

Mr. King is not eligible for a sentence reduction under the plain language of the First Step Act because he was not convicted of an offense involving crack cocaine. *See United States v. Banks*, No. 03-cr-40019-JPG, 2019 WL 4535505, at *2 (S.D. Ill. Sept. 19, 2019) (concluding defendant entitled to no relief under First Step Act where he was convicted only of powder cocaine and marijuana offenses).

To the extent Mr. King can be understood to seek relief under Section 401 of the First Step Act, that request is also denied because Section 401 does not apply retroactively. Section 401(a)(2)(A)(i) of the First Step Act changed the definition of a predicate conviction for an enhanced sentence under 21 U.S.C. § 851 from a "prior conviction for a felony drug offense" to a "prior conviction for a serious drug felony." *United States v. Mainor*, No. 06-140-1, 2019 WL 3425063, at *3 (S.D. Ill. Dec. 4, 2019); *see also* 132 Stat. at 5220 (First Step Act, § 401(a)(2)(A)(i)). The First Step Act states: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.'" 132 Stat. at 5221 (First Step Act, § 401(c)). In other words, Section 401 does not apply retroactively. *See e.g., United*

2

*States v. Jackson*, 940 F.3d 347, 353–54 (7th Cir. 2019); *United States v. Pierson*, 925 F.3d 913, 927–28 (7th Cir. 2019).

Because Mr. King was sentenced in March 2004, before the enactment of the First Step Act on December 21, 2018, Section 401 does not provide him with any relief.

The motion to reduce sentence under the First Step Act, dkt. [2], is **DENIED.**

It is Mr. King's responsibility to notify the Court when his address changes. Recently, a piece of mail addressed to Mr. King's address of record was returned to the Court with the notation that he was not at that correctional institution. Dkt. 24. In addition, the Bureau of Prisons' website reflects that Mr. King is now under the supervision of a Residential Reentry Management (RRM) field office, but he has not provided an updated address at which he can receive Court Orders. Accordingly, a copy of this Entry shall be sent to the defendant at the RRM Montgomery consistent with the distribution portion of this Entry. A copy of this Entry will also be provided to the defendant in the future if he contacts the Court and makes such a request.

**SO ORDERED.**

Date: 3/16/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Nathan King, Reg. No. 07353-028
RRM Montgomery
RESIDENTIAL REENTRY OFFICE
MAXWELL AFB, BLDG 1209
820 WILLOW STREET
MONTGOMERY, AL  36112